UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINNY RENE BURNS, | Case No. 1:26-cv-03468-KES-EGC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND AND THAT THE CLERK BE INSTRUCTED TO CLOSE THIS CASE** |
| v. | |
| POLICE, et al., | |
| Defendants. | (Doc. 1) |
| | TWENTY-ONE DAY DEADLINE |

Plaintiff Ginny Rene Burns is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed a complaint on May 5, 2026.  (Doc. 1).  Upon review, the undersigned concludes that the allegations are frivolous and fail to state a claim and therefore will recommend dismissing Plaintiff's complaint without leave to amend.

## I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, a court is required to screen each case and shall dismiss the case at any time if the Court determines that (1) the allegation of poverty is untrue, or (2) that the action or appeal is (a) frivolous or malicious, (b) fails to state a claim upon which relief may be granted, or (c) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has

1

discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If a court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See*, *e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a *pro se* complaint, a court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted her complaint using the general complaint form provided by this Court. (*See* Doc. 1 ("Compl.")). Much of Plaintiff's complaint is illegible. Plaintiff names the following defendants: "Police," "Bankers," "Army," and "Sheriff / Hospitals." (*See id.* at 2–3). Plaintiff did

2

not select a basis for jurisdiction in the "Basis for Jurisdiction" section, but did write "I am United States Champion BA 15 My DAD Worker This Building Robert Burns or Trust of Service or intake (Person Care)" in the "If the Basis for Jurisdiction is a Federal Question" subsection and "All United States" and "Walmart Rite Aid JCP ect. [sic]" in the "If the Basis for Jurisdiction is Diversity of Citizenship" subsection. (*Id.* at 4–5). Plaintiff left the "Amount in Controversy" section blank. (*See id.* at 5). In the section in which she is asked to provide a "Statement of Claim," Plaintiff has written:

> Some Our People who where [illegible] good health may be in some trouble when some might lost place memory when where or because I Been at several Building at work [illegible] Robert Petterson build some Escort from 911 etc. several [illegible] Included [illegible] Book [illegible] music where all my allotment Royal Money some work property or etc.

(*Id.*). And as to her claim for relief, she stated, "No [illegible] have not [illegible] people Rude rude feel like silent [illegible] ROAR of Boss [illegible] No Money [illegible] of the [illegible] 911." (*Id.* at 6).

The Civil Cover Sheet attached to the complaint was left blank except for Plaintiff's name and signature. (Doc. 1-1).

### III.    DISCUSSION

For the reasons discussed below, the undersigned finds that the complaint does not state any cognizable claims and is frivolous.

#### A.    Rule 8

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to a defendant as to the basis of her claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must also contain sufficient factual allegations in order to give any defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Here, there are no factual allegations in the complaint that identify the basis for

any federal claim(s), nor has Plaintiff brought her claims against any identifiable defendant.

In addition, a complaint is required to contain sufficient factual content for the Court to draw the reasonable conclusion that a specific defendant is liable for the specific misconduct alleged. *Iqbal*, 556 U.S. at 678. Again, without any coherent factual allegations, the undersigned finds that it is impossible to determine if what Plaintiff has alleged has occurred or how any parties named are alleged to be responsible.

Finally, Rule 8 requires that the complaint must state a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). The nature of the relief requested in the complaint is wholly unclear to the undersigned. (*See* Doc. 1 at 6).

In sum, Plaintiff's complaint fails to conform to the requirements of Rule 8.

**B.    Frivolousness**

Apart from Plaintiff's failure to state a claim, her complaint is frivolous. A complaint will be considered frivolous, and therefore subject to dismissal under section 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"). A federal court cannot properly *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33. However, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id*. at 32–33. If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

Plaintiff's complaint is frivolous under this legal standard. Plaintiff does not set forth any coherent facts. Her statement of claim and request for relief, as set forth above, are nonsensical and therefore irrational. Accordingly, Plaintiff's complaint should be dismissed without leave to amend. *See, e.g., Jimenez v. Postal Serv. Off.*, No. 1:25-CV-00950-SKO, 2025 WL 2299261, at *3

(E.D. Cal. Aug. 8, 2025), *report and recommendation adopted*, No. 1:25-CV-00950-KES-SKO, 2025 WL 2996986 (E.D. Cal. Oct. 24, 2025) (finding a complaint that set forth an "incoherent" statement of claim and request for relief to be frivolous).

## IV.    CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend.  Although this is Plaintiff's first complaint, it is clear from the face of the complaint that it is frivolous.[1]

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1.    Plaintiff's complaint be dismissed, without leave to amend; and

2.    The Clerk of the Court be instructed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  **Within twenty-one (21) days after being served** with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, Clerk of the Court is DIRECTED to serve a copy of these findings and recommendations on Plaintiff at her last known address as listed on the docket.

IT IS SO ORDERED.

Dated:    **May 7, 2026**                                        _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff believes that she can cure this deficiency in an amended complaint, she may file objections to these findings and recommendations explaining how she would amend her complaint to state a cognizable claim.

5